UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14202-CIV-MOORE
MAGISTRATE JUDGE P.A. WHITE

CHARLTON A. RUSSELL,         :

    Plaintiff,          :

v.                           :           REPORT OF
                                      MAGISTRATE JUDGE
                             :

CHARLIE CRIST, et al.,

                             :
    Defendants.

_____

## I. Introduction

The plaintiff, Charlton A. Russell, currently incarcerated in the Okeechobee Correctional Facility ("OCF"), has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE #1]. He names as defendants Charlie Crist, Bill McCollum, Walter McNeil, the Florida Department of Corrections and Marta Villacorta. The plaintiff alleges that he was denied due process and threatened, resulting in the loss of gain time. He is proceeding in forma pauperis.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

### A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

>    Sec. 1915 Proceedings in Forma Pauperis
>
>                 *   *   *
>
>    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>                 *   *   *
>
>    (B) the action or appeal –
>
>                 *   *   *
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on

factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that

no misconduct occurred.[1]

    B.   <u>Analysis of Sufficiency of Complaint</u>

The plaintiff alleges that on December 13, 2009, he was confronted by male Officers Nelson, Smith and McIntyre in the strip room. He claims that he "accidently bumped" into Nelson who became hostile, "shouting, assaulting and abusing the plaintiff". The plaintiff was placed in hand restraints after surrendering. He was allegedly threatened and verbally abused by McIntyre, and is in fear of his life.

He was then placed in administrative confinement and close management. Officials denied him a fair disciplinary hearing by not permitting him to bring all his witnesses to testify, and denying his request for additional witnesses. He additionally claims some of his property was confiscated and disposed of, including religious material.

The plaintiff seeks monetary damages, restoration of gain time and injunctive relief. In <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997), the Supreme Court extended the doctrine announced in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)(Section 1983 claims for damages are subject to dismissal when a plaintiff cannot prove that an alleged unlawful conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus)  to prison disciplinary proceedings in which the prisoner loses "good time credits." The Supreme Court decided it

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

4

was immaterial whether the inmate actually sought restoration of good time credits. It was enough that a finding in favor of the inmate would necessarily imply that the loss of good time credits was wrongful.  Thus, the plaintiff's request for monetary damages and injunctive relief is foreclosed by Edwards, as a successful challenge to the validity of his disciplinary report would "necessarily" affect the overall length of the plaintiff's sentence. The plaintiff may file a habeas corpus petition under 28 U.S.C. §2241 requesting that the disciplinary ruling be set aside.

As to the plaintiff's allegations that he "accidentally bumped" into Officer McIntyre and was then "assaulted and abused", with no mention of resulting injuries, they are too conclusory to sufficiently state a claim. Twombly. His claims of threats and verbal abuse also fail to state a claim. Verbal harassment does not state a claim for relief under §1983.  See Hoptowit v. Ray, 682 F.2d 1237, 1252 (9 Cir. 1982)(federal court cannot order guards to refrain from using racial slurs to harass prisoners); Burton v. Livingston, 791 F.2d 97, 101 n. 1 (8 Cir. 1986)(use of racial slurs in prison does not offend Constitution); McFadden v. Lucas, 713 F.2d 143, 146 (5 Cir.), cert. denied, 464 U.S. 998 (1983) (threatening language and gestures).  There are, however, recognized exceptions to the general rule, under which the conduct may rise to the level of a constitutional deprivation: for example, when verbal threats are accompanied by physical force or the present ability to effectuate the threat, Harris v. Lord, 957 F.Supp. 471, 475 (S.D.N.Y. 1997); Jermosen v. Coughlin, 878 F.Supp. 444, 449 (N.D.N.Y. 1995), or the person to whom the verbal abuse is directed is terrorized by threats accompanied by racial slurs, Hopson v. Frederickson, 961 F.2d 1374, 1378-79 (8 Cir. 1992); Burton v. Livingston, 791 F.2d 97 (8 Cir. 1986).

Further, claims of verbal taunts are foreclosed by the provisions of 42 U.S.C. §1997e(e), which prohibit prisoners from bringing civil rights actions based on mental or emotional injury without a prior showing of physical injury.

Lastly, the plaintiff's claim regarding the alleged deprivation of personal property, including his religious materials, is not cognizable in a federal lawsuit pursuant to §1983, unless related to violation of a federally protected constitutional right, such as retaliation or denial of religious freedom. The plaintiff does not raise these claims, and fails to name any specific defendants responsible for the confiscation of his property.

The courts have long expressed concern with a reading of section 1983 which would turn the Fourteenth Amendment into a font of tort law to be superimposed upon whatever systems may already be administered by the states. Parratt v. Taylor, 451 U.S. 527, 544 (1981) (overruled in part not relevant here, by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)); Baker v. McCollan, 443 U.S. 137 (1979); Paul v. Davis, 424 U.S. 693, 701 (1976); Cannon v. Taylor, 782 F.2d 947 (11 Cir. 1986). His remedy is a tort action under state law.

### III. Conclusion

Based on the foregoing, it is recommended that this complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 28th day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Charlton Russell, <u>Pro Se</u>
 Okeechobee Correctional Facility
 Address of record